# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| XXX INT'L AMUSEMENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEASTERN VISUALS, LLC, and SUN BELT VISUALS MANAGEMENT COMPANY, LLC,<br><br>Defendants. | Case No. 17-11778<br>Hon. Terrence G. Berg |

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Dkt. 6)

### I.  Introduction

This is a breach of contract case, involving adult video "arcade booths," (perhaps more commonly known as "peep shows") allegedly installed by Plaintiff into several of Defendants' adult books stores, located throughout the State of Georgia.  Plaintiff alleges that Defendants failed to pay for the booths and related service work, thereby breaching several written contracts between the parties. Defendants filed a motion to dismiss (Dkt. 6), arguing: (1) that Plaintiff never installed the booths; (2) that Defendants do not own

the adult book stores in question; and (3) that Plaintiff is not entitled to collect liquidated damages. Attached to Defendants' motion to dismiss is an affidavit of Ded Dedvukaj, who purports to be Defendants' sole member and manager. Mr. Dedvukaj's affidavit sets forth various facts in support of Defendants' three arguments listed above, and also claims that the person who signed the contracts in question on behalf of Defendants (James Olsafsky) did not have any authority to enter into those contracts.

The Court has concluded that oral argument is not necessary to resolve the pending motion. Accordingly, Defendant's motion to dismiss will be decided solely on the basis of the parties' written submissions. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, Defendants' motion is **DENIED**.

## II. Standard of Review

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "Courts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). To survive a motion to dismiss, a complaint must plead specific factual allegations, and not just legal conclusions, in support of each claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading only

contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself...." *Sims v. Mercy Hosp.*, 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." *Armengau v. Cline*, 7 Fed. Appx. 336, 343 (6th Cir. 2001). "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (adopting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

### III. Analysis

On this record, simply to recite the standard of review leads inevitably to the resolution of Defendants' motion to dismiss. Plaintiff alleges specific breach of contract claims against Defendants. Plaintiff attaches the contracts in question to its Complaint, and contends that Defendants breached by not paying what was due under those contracts (Dkt. 1, Exs. 1-9). That is enough to state a plausible breach of contract claim.[1] In an attempt to support their

---

[1] The contracts state that they are governed by Georgia law. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Uhlig v. Darby Bank & Tr. Co.*, 556 Fed. App'x 883, 887 (11th Cir. 2014) (internal quotation and citation omitted).

motion to dismiss, Defendants improperly rely on assertions of fact that fall outside of the allegations of the Complaint. For purposes of adjudicating a motion to dismiss, the facts alleged in the Complaint must be accepted as true. The factual disputes raised in Defendants' motion to dismiss are more properly addressed at the summary judgment stage of litigation, after the parties have had the opportunity to conduct sufficient discovery.

Likewise, Plaintiff's unjust enrichment claim – pled in the alternative to its breach of contract claims – is not subject to dismissal at this juncture. Courts may imply a contract when a plaintiff can establish that no express contract concerning the subject matter exists and that the defendant has received a benefit from the plaintiff and retained it, resulting in an inequity. *See Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 718 N.W.2d 827, 841 (Mich. 2006). *Peabody v. DiMeglio*, 306 Mich. App. 397, 856 N.W.2d 245, 251 (2014) ("[T]he law operates to imply a contract in order to prevent unjust enrichment, and ... this will not occur if there is already an express contract on the same subject matter") (internal citation and quotation omitted). Federal Rule of Civil Procedure 8(a)(3) permits pleadings in the alternative "when, for instance, there is a dispute between the parties as to whether an express agreement exists." *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F.Supp.3d 824, 833–

34 (E.D. Mich. 2014) (citing *Cascade Elec. Co. v. Rice*, 70 Mich. App. 420, 245 N.W.2d 774, 777 (1976)).[2]

This case is in its infancy, but Defendants already seem to be implying that that no valid contracts exist between the parties (Defendants assert, for example, that Mr. Olsafsky had no authority to enter into the contracts in question). Though Plaintiff contends that the contracts are valid and constitute a binding agreement between the parties for the purpose of its breach of contract claims, taking this position does not preclude Plaintiff from pleading an unjust enrichment claim in the alternative. It would be premature to dismiss Plaintiff's unjust enrichment claim on the assumption that Defendants will not dispute the existence of the contract in subsequent stages of the proceedings. *See Terry Barr Sales Agency, Inc. v. All–Lock Co., Inc.*, 96 F.3d 174, 182 (6th Cir. 1996) (allowing plaintiff to proceed under both breach of contract and unjust enrichment theories where defendant "kept its options open, and may deny the existence of a contract").

---

[2] Although Georgia law is in accord, *see, e.g., Clark v. Aaron's, Inc.,* 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012) (unjust enrichment may be pled in the alternative to a claim for breach of contract), the Court does not decide at this point whether Georgia or Michigan law governs Plaintiff's claim for unjust enrichment. The contracts in question state that they are governed by Georgia law. However, should those contracts later be deemed invalid, it is unclear which state's law would apply to Plaintiff's alternatively pled equitable claim. For purposes of this order, it is sufficient to note that Michigan and Georgia law agree that a plaintiff can alternatively plead an unjust enrichment claim with a breach of contract claim, as Plaintiff has done here.

Finally, Plaintiff's Complaint also states a valid conversion claim against Defendants. The thrust of this claim is that Plaintiff owns the peep show booths, and that Defendants unlawfully kept, altered or destroyed them. "Conversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation. Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion." *WESI, LLC v. Compass Envtl., Inc.*, 509 F. Supp. 2d 1353, 1361 (N.D. Ga. 2007) (internal citation omitted); *see also Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391, 486 N.W.2d 600 (1992).

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 6) is **DENIED**. Defendants are hereby ordered to file an Answer to Plaintiff's Complaint with fourteen (14) days of the date of this order. **SO ORDERED.**

Dated: September 5, 2017

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

    I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 5, 2017.

s/H. Monda
Case Manager, in the absence
of A. Chubb